NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**CARL CRAIG MORRIS,**
*Petitioner*

**v.**

**DEPARTMENT OF TRANSPORTATION,**
*Respondent*

---

2025-1055

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-17-0441-B-1.

---

Decided:  June 9, 2025

---

CARL CRAIG MORRIS, Prince Frederick, MD, pro se.

NELSON KUAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, PROST, *Circuit Judge*, and
HALL, *District Judge*.[1]

PER CURIAM.

Dr. Carl Craig Morris petitions for review of a decision
of the Merit Systems Protection Board (Board) reversing
the United States Department of Transportation's (agency)
removal of Dr. Morris. Because the Board's decision is not
adverse to Dr. Morris, we *dismiss*.

BACKGROUND

Dr. Morris worked as a mathematical statistician
within the agency's Bureau of Transportation Statistics.
S. Appx. 1.[2] He was removed from the position, effective
March 23, 2017, for conduct unbecoming a federal em-
ployee based on his behavior during a meeting with his su-
pervisor on October 24, 2016. S. Appx. 1–2. Specifically,
the agency charged Dr. Morris with "deliberate efforts to
intimidate and cause anxiety to his supervisor," causing
"disruption to the workplace." S. Appx. 2 (cleaned up);
S. Appx. 33–34.

Dr. Morris timely appealed his removal to the Board
and raised several affirmative defenses, including retalia-
tion for prior equal employment activity, retaliation for
whistleblowing, and discrimination. S. Appx. 1–2. The ad-
ministrative judge (AJ) held the agency failed to show by
preponderant evidence Dr. Morris' conduct during the Oc-
tober 24 meeting was a deliberate attempt to produce anx-
iety and intimidation. S. Appx. 2–9. Accordingly, the AJ
did not sustain the agency's removal of Dr. Morris.

---

[1]    The Honorable Jennifer L. Hall, District Judge,
United States District Court for the District of Delaware,
sitting by designation.

[2]    "S. Appx." refers to the Supplemental Appendix at-
tached to Respondent's Corrected Informal Brief.

S. Appx. 9. The AJ then considered and rejected Dr. Morris' affirmative defenses. S. Appx. 9–17. Because the agency failed to prove its basis for removal, the AJ ordered the agency to restore Dr. Morris to his position with back pay. S. Appx. 17.

Dr. Morris petitions for review. We have jurisdiction over petitions for review of Board decisions pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703.

DISCUSSION

We have jurisdiction to review a decision of the Board only if there is a "final order or final decision" of the Board that has "adversely affected or aggrieved" an employee. 28 U.S.C. § 1295(a)(9); 5 U.S.C. § 7703; *Esparraguera v. Dep't of the Army*, 981 F.3d 1328, 1334 (Fed. Cir. 2020). In this case, Dr. Morris brought a successful challenge to the agency's decision to remove him from his position. On appeal, he challenges the AJ's rejection of his affirmative defenses and argues he made protected disclosures under the Whistleblower Protection Act. *See, e.g.*, Pet'r's Informal Br. 2–3. The AJ's rejection of Dr. Morris' affirmative defenses does not make the decision adverse to him. The AJ ordered the agency to reinstate Dr. Morris and awarded him back pay. S. Appx. 17–18. Because Dr. Morris is not "adversely affected or aggrieved" by the AJ's decision, we lack jurisdiction over his petition. 5 U.S.C. § 7703(a)(1). There are no further remedies available to Dr. Morris in this action.

CONCLUSION

We dismiss Dr. Morris' petition for lack of jurisdiction.[3]

**DISMISSED**

---

[3] Dr. Morris' motion to take judicial notice, ECF No. 13, is denied as moot.

4                    MORRIS v. DEPARTMENT OF TRANSPORTATION

COSTS

No costs.